

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2009

# USA v. Kenyatta Henry

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kenyatta Henry" (2009). *2009 Decisions.* Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-030                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3214
_____

UNITED STATES OF AMERICA

v.

KENYATTA DARNELL HENRY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 06-cr-00410)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Due to an Untimely
Notice of Appeal and Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2009

Before: MCKEE, RENDELL and CHAGARES, Circuit Judges

(Opinion filed: December 14, 2009 )
_____

OPINION
_____

PER CURIAM

Kenyatta Darnell Henry appeals pro se from the District Court's order denying his

1

motion under 18 U.S.C. § 3582(c)(2) to modify his sentence.  Because this appeal

presents no substantial question, we will summarily affirm.  See 3d Cir. LAR 27.4 (2008);

3d Cir. I.O.P. 10.6.

In May 2007, Henry pleaded guilty to possession with intent to distribute 50 grams

or more of cocaine base and cocaine.  See 21 U.S.C. § 841(a)(1).   The pre-sentence

report identified Henry's drug quantity as 410 grams of crack cocaine and 22 grams of

powder cocaine.  Because the offense involved different controlled substances, the

quantities were converted to a marijuana equivalent, which in this case was approximately

8200 kilograms.  See U.S.S.G. § 2D1.1, Application Note 10.  Therefore, the District

Court assigned a base offense level of 34.[1]  See U.S.S.G. § 2D1.1(c).  That level was

reduced by three points for acceptance of responsibility.  See U.S.S.G. §§ 3E1.1.  With a

total offense level of 31, and a criminal history category of VI, Henry's guidelines

sentencing range was 188 to 235 months of imprisonment.  In a Judgment entered on

August 23, 2007, the District Court sentenced Henry to 188 months of imprisonment.

The Sentencing Commission later adopted and made retroactive Amendment 706,

which "decrease[d] by two levels the base offense level for crack cocaine offenses."

United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008).  Henry filed a counseled motion

---

[1] Henry was a career offender, and the career offender sentencing guidelines called for an offense level of 32.  But those guidelines do not apply unless the base offense level they establish is "greater than the offense level otherwise applicable."  U.S.S.C. § 4B1.1(b).

2

under 18 U.S.C. § 3582(c)(2), to modify his sentence on the basis of that amendment. The Government filed a brief in opposition. By order entered July 1, 2009, the District Court denied the motion. Henry appeals.

We have jurisdiction under 28 U.S.C. § 1291.[2] We review the District Court's interpretation of the Guidelines de novo and its ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We perceive no abuse of discretion here.

Section § 3582(c)(2), the provision permitting a district court to reduce a term of imprisonment following a change in the Sentencing Guidelines, provides that the court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." See also U.S.S.G. § 1B1.10 cmt. n.1(B)(i) ("Consistent with § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . .). Those

_____

[2] The time for filing an appeal from a ruling on a § 3582(c)(2) motion is governed by the provisions of Fed. R. App. P. 4(b) applicable to criminal proceedings. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting cases). Thus, Henry had until Monday, July 13, 2009, to file a timely appeal. See Fed. R. App. 4(b)(1)(A), 26(a)(3). Henry filed his notice of appeal on July 20, 2009, claiming that he did not receive a copy of the order until July 16, 2009. We need not determine whether these circumstances entitle him to relief. In the wake of Bowles v. Russell, 551 U.S. 205 (2007), every Court of Appeals to have addressed the issue has concluded that the time limitation contained in Rule 4(b), unlike that contained in Rule 4(a), is not jurisdictional but is instead a claims processing rule whose application can be forfeited. See, e.g., United States v. Frias, 521 F.3d 229, 233-34 (2d Cir. 2008). In this case, the Government has not sought to enforce the time limitation. Accordingly, we will reach the merits of Henry's appeal.

3

factors include, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In this case, the District Court determined that Amendment 706 lowered Henry's base offense level by two, from 34 to 32. See U.S.S.G. § 2D1.1, Application Note 10(D). With three points subtracted for acceptance of responsibility, and a criminal history category of VI, Henry's amended guideline range was 151 to 188 months of imprisonment. Therefore, Henry was eligible for a sentence reduction of up to 37 months.

The District Court exercised its discretion not to reduce Henry's sentence, however. After acknowledging that it was required to take into account the § 3553(a) factors, including "the nature and circumstances of the offense," the District Court noted that Henry's "drug dealing was so extensive that his base offense level was driven by his drug quantity under section 2D1.1(c), while for most career offenders the drug-table offense level is trumped by the offense level in section 4B1.1(b). Given the quantity of drugs Defendant distributed, no reduction in sentence is appropriate." In making its determination, the District Court referred to the arguments made by the Government, which emphasized that Henry's offense involved several episodes of large-scale drug distribution. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (holding that the district court adequately considered the § 3553(a) factors by briefly stating that it had reviewed the government's brief, which set out the pertinent factors and enumerated facts relevant to those factors). Under these circumstances, we believe that

the District Court set forth sufficient reasons for its decision to deny Henry's § 3582(c)(2) motion.  See United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996) (stating that when adjudicating a § 3582(c) motion "[t]here is no requirement that the district court make specific findings regarding each of the [§ 3553(a)] factors as long as it states the reasons for its actions."); cf. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006) (citation omitted) ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.").

Because we conclude that there was no abuse of discretion, we will summarily affirm the judgment of the District Court.

5